IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C.H. ROBINSON WORLDWIDE, INC., on its own behalf and as assignee and subrogee of Alpharma, Inc., | ) ) ) ) |
| Plaintiff, | ) No. 08 C 2391 ) |
| v. | ) Judge Hibbler ) |
| AVERITT EXPRESS, INC., | ) ) |
| Defendant. | ) |

## ANSWER

Now comes Defendant, Averitt Express, Inc., by its undersigned attorneys, in response to the complaint of C.H. Robinson Worldwide, Inc., and responds as follows:

1. Plaintiff is a corporation conducting business within the United States Judicial District for the Norther District of Illinois.

**Answer:** The Business Services Web site maintained by the Illinois Secretary of State identifies the following companies containing the name "C.H. Robinson" as being authorized to do business within the State of Illinois: C.H. Robinson Company; C.H. Robinson Company, Inc.; C.H. Robinson International, Inc.; and C.H. Robinson Transportation Company, Inc. C.H. Robinson Worldwide, Inc., is not listed as a corporation authorized to do business within the State of Illinois. Therefore, the allegations of this paragraph are denied, and Defendant further denies that Plaintiff has the right and power to prosecute civil litigation within this state.

   2.   Plaintiff is a property broker licensed by United States Department of Transportation, Federal Motor Carrier Safety Administration ("FMCSA") to arrange for the transportation of freight by for hire carriers in interstate or foreign commerce.

   **Answer:**   Denied.

   3.   Defendant is a corporation having its principal place of business in Cookeville, TN.

   **Answer:**   Admitted.

   4.   Defendant is a for-hire motor carrier of property operating in interstate commerce subject to the jurisdiction of and operating pursuant to a registration issued by the FMCSA in Docket No. MC 121600.

   **Answer:**   Admitted.

   5.   The Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 49 U.S.C. §14706.

   **Answer:**   Admits that the subject claim comes within the jurisdiction of the district courts pursuant to 28 U.S.C. § 1337(b), but denies Plaintiff has the right to prose-cute an action in a civil court in the State of Illinois.

   6.   Defendant operates routes as an interstate motor carrier within the United States Judicial District for the Northern District of Illinois and has a registered agent in Chicago, Illinois.

   **Answer:**   Admitted.

   7.   On or about June 14, 2007, Plaintiff tendered to Defendant, at Highland, Illinois a shipment of freight for transportation to Louisville, Kentucy (the "subject shipment").

   **Answer:**   Defendant denies that Plaintiff tendered the subject shipment to Defendant for transportation.

   8.   Upon receipt of the subject shipment Defendant issued its bill of lading number 42423743 for the shipment, a true and correct copy of which is attached hereto as "Exhibit A".

   **Answer:**   Admits that Defendant issued a bill of lading to its shipper, Trouw Nutrition, and that a true and correct copy of that bill is attached to the complaint as Exhibit A.

9. At the time that Plaintiff tendered said shipment to Defendant, it was in good order and condition, in a sealed trailer, and Defendant acknowledged receipt of the shipment in good order and condition and the trailer seal number on the bill of lading therefor.

**Answer:** Defendant admits to receiving nineteen pallets said to contain 750 separate packages, each described as weighing 25 kilograms per bag, and that no visible damage was observed at the time of loading. Defendant denies all bags were available for individual inspection.

10. When Defendant delivered the shipment to the consignee thereof as directed by Plaintiff, the shipment no longer in good order and condition, but rather in a damaged condition and the seal was no longer intact, rendering the shipment worthless and causing the Consignee to reject the shipment.

**Answer:** Admits that when the shipment was delivered to the consignee, the seal was no longer intact, but denies each and every other allegation of this paragraph.

11. The value of said damaged shipment referred to above was $53,809.20.

**Answer:** Defendant lacks sufficient knowledge or information to admit or deny the allegation of this paragraph regarding the value of the subject shipment, and therefore denies the allegation of this paragraph.

12. CHR has paid its customer, the consignee and owner of the subject shipment its value, $53,809.20, accordingly, CHR is subrogated to the rights of the consignee/owner of the subject shipments.

**Answer:** Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and demands strict proof thereof.

12. In exchange for the payment referred to in paragraph 11 hereinabove, the consignee/owner of the subject shipment has assigned to CHR all of its right, title and interest in and to the subject shipment and any claim for its value.

**Answer:** Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph and demands strict proof thereof.

13. CHR has filed a timely notice of claim with respect to the loss of the subject shipment.

**Answer:**　Defendant admits that Alpharma, Bridgewater, New Jersey, filed a claim addressed to Averitt (CHR); admits that Plaintiff forwarded the Alpharma freight claim to Defendant; and admits that the Alpharma claim was timely, but except as specifically admitted, the allegations of this paragraph are denied.

14.　Plaintiff has made frequent and repeated demands upon Defendant to pay it for the value of said shipment ($53,809.20) which Defendant has failed and refused to pay, all to Plaintiff's damage.

**Answer:**　Defendant declined the subject claim in writing on October 25, 2007.

15.　Pursuant to 49 U.S.C. § 14706, Defendant is liable to Plaintiff for its full actual loss, which is the value of the shipment ($53,809.20).

**Answer:**　Denied.

WHEREFORE, Defendant, Averitt Express, Inc., prays that this complaint be dismissed and that judgment be entered in favor of Defendant and against Plaintiff, C.H. Robinson Worldwide, Inc.

        Respectfully submitted,

        AVERITT EXPRESS, INC.

    By: s/Bruce C. Spitzer
        Bruce C. Spitzer
        Metge, Spitzer & Kreid
        30 West Monroe Street, Suite 630
        Chicago, Illinois 60603
        (312) 580-1710
        ARDC No. 2691604

-5-

**CERTIFICATE OF SERVICE**

      I, Bruce C. Spitzer, an attorney, certify that on June 17, 2008, I served a copy of the foregoing document on each party of record registered with the CM/ECF system by electronically filing it with the Clerk of the United States District Court for the Northern District of Illinois, who will send notification of such filing to each of them, and by mailing a copy to each party of record not registered with the CM/ECF system, if any.

                                    s/Bruce C. Spitzer