IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| C.H. ROBINSON WORLDWIDE, INC., on its own behalf and as assignee and subrogee of Alpharma, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 2391 |
| v. | ) ) | Judge Hibbler |
| AVERITT EXPRESS, INC., | ) ) | |
| Defendant. | ) ) | |

**C.H. ROBINSON WORLDWIDE, INC.'S
ANSWER TO DEFENDANT'S COUNTERCLAIM**

NOW COMES Plaintiff, C.H. ROBINSON WORLDWIDE, INC., (hereinafter referred to as "C.H. ROBINSON" or "Plaintiff") by and through its attorneys, JOEL H. STEINER and AXELROD, GOODMAN, STEINER & BAZELON, and hereby files the following response to the Counterclaim of Defendant, AVERITT EXPRESS, INC., (hereinafter referred to as "AVERITT"or "Defendant") and Plaintiff now states as follows:

1. Averitt adopts and incorporates the jurisdictional allegations of C.H. Robinson's complaint as if fully set forth herein, except that Averitt alleges that this Court has jurisdiction of this counterclaim pursuant to the doctrine of pendent claim jurisdiction, in that the claim asserted in this counterclaim arises from the same transportation transaction upon which Plaintiff's complaint is based.

**ANSWER:    Plaintiff admits the allegations of paragraph #1 of the Counterclaim.**

2.    On or about June 14, 2007, Averitt, at the request and direction of C.H. Robinson, accepted a shipment consisting of 760 bags loaded on nineteen pallets at Highland, Illinois, for transportation in interstate commerce to Louisville, Kentucky.

**ANSWER:    Plaintiff admits the allegations of paragraph #2 of the Counterclaim.**

3.    Averitt attempted to deliver the shipment on June 18, 2007, but the consignee was closed.

**ANSWER:    Plaintiff has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #3 of the Counterclaim.**

4.    Averitt attempted to deliver the shipment to the named consignee on June 20, 2007, but the shipment was refused by the consignee.

**ANSWER:    Plaintiff has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #4 of the Counterclaim.**

5.    Averitt again attempted to deliver the shipment to the named consignee of June 24, 2007, but the consignee refused to accept delivery.

**ANSWER:    Plaintiff admits the allegations of paragraph #5 of the Counterclaim.**

6.    On June 29, 2007, Averitt advised C.H. Robinson that storage charges would begin to accrue is disposition instructions were not provided.

**ANSWER:    Plaintiff denies each and every allegation of paragraph #6 of the Counterclaim.**

7.     On July 12, 2007, Averitt, by Ruth Wilson, notified C.H. Robinson through Rick Chaloupka that storage charges would begin to accrue on July 16, 2007, if disposition instructions were not provided.  A copy of that notice is attached hereto as Exhibit 1.

**ANSWER:     Plaintiff admits the allegations of paragraph #7 of the Counterclaim.**

8.     Averitt notified C.H. Robinson that storage charges under the provisions of Averitt's Rules Tariff 100, Item 910, would accrue at the rate of $100 per day.  A copy of Averitt's Rules Tariff 100, Item 910, is attached to this counterclaim as Exhibit 2.

**ANSWER:     Plaintiff admits notice was received, but denies the tariff is applicable.**

9.     C.H. Robinson has failed and refused, and has continued to fail and refuse, to provide disposition instructions regarding the delivery of the subject shipment.

**ANSWER:     Plaintiff denies each and every allegation of paragraph #9 of the Counterclaim.**

10.     Storage charges on the subject shipment, which weighs 43,510 pounds, as calculated pursuant to Rules Tariff 100, Item 910, have accrued at the rate of $100 per day from July 16, 2007, to the date of this counterclaim, August 14, 2008, 395 days later, for a total of $39,500, and will continue to accrue at the rate of $100 per day until C.H. Robinson provides instructions for delivery of the subject shipment.

**ANSWER:     Plaintiff denies each and every allegation of paragraph #10 of the Counterclaim.**

WHEREFORE, for the above and foregoing reasons, Plaintiff, C.H. ROBINSON WORLDWIDE, INC. respectfully requests that the Counterclaims of Defendant, AVERITT EXPRESS, INC., be dismissed in full, for costs in defending said claims and for any other relief deemed just and proper.

        Respectfully submitted,

        C.H. ROBINSON WORLDWIDE, INC.
        Plaintiff

By:   /s/Joel H. Steiner
      Joel H. Steiner, One of Its Attorneys

OF COUNSEL:

AXELROD, GOODMAN, STEINER & BAZELON
39 South LaSalle Street, Suite 920
Chicago, Illinois 60603
312-236-9375
312-236-2877 (fax)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of August, 2008, a copy of the foregoing Plaintiff's Answer to Defendant's Counterclaim was filed electronically. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's system which will send notification of such filing(s) to the following:

/s/Joel H. Steiner
Joel H. Steiner